# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Engineering Solutions & Products, LLC | )    ASBCA No. 58633 |
| | ) |
| Under Contract No. 000000-00-0-0000 | ) |

APPEARANCES FOR THE APPELLANT:      Richard L. Moorhouse, Esq.
                                    Ryan C. Bradel, Esq.
                                      Greenberg Traurig, LLP
                                      McLean, VA

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
                                      Army Chief Trial Attorney
                                    Kyle E. Chadwick, Esq.
                                      Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE PAUL
## ON THE GOVERNMENT'S MOTION FOR RECONSIDERATION

The government has filed a timely motion for reconsideration of our decision denying its partial motion to dismiss for lack of jurisdiction, as well as its partial motion for summary judgment. *Engineering Solutions & Products, LLC*, ASBCA No. 58633, 15-1 BCA ¶ 35,989. Familiarity with that decision is presumed.

Regarding the government's partial motion for summary judgment, or in the alternative, to dismiss Count 1 of Engineering Solutions & Products, LLC's (ESP's) complaint for lack of jurisdiction, the Board held that "there is simply not enough record evidence to grant the motion to dismiss." 15-1 BCA ¶ 35,989 at 175,828 n.1. With respect to respondent's partial motion for summary judgement on the implied-in-fact contract issue, we cited the existence of multiple disputes of material facts and concluded that ESP had met its burden in this regard by making a non-frivolous allegation that such a contract existed. On this basis, the Board denied the partial motion for summary judgment.

In its motion for reconsideration, the government cites no new evidence and raises no new arguments. With respect to our conclusion on the jurisdiction issue, respondent makes the contention that, as the proponent of the motion, it was not required to present any evidence (gov't br. at 2-3). This statement does not even address the issue posed by the Board, i.e., that the present state of the factual record does not allow us to resolve the jurisdictional issue, and therefore we could not presently rule on the merits of the government's motion to dismiss.

Regarding the existence of an implied-in-fact contract, the government criticizes the Board for not addressing issues of contractual offer, acceptance, and authority (gov't br. at 3-5). In formulating this argument, the government appears to misapprehend the Board's role in resolving summary judgment motions. We are not required to address every issue raised by a movant. The Board's responsibility is simply to determine whether material issues of genuine fact exist. Here, the Board made such a determination. Specifically, we stated: "In its motion, the Army disputes many of the material facts set forth in ESP's complaint." Similarly, we noted the following: "In its 'STATEMENT OF GENUINE ISSUES OF MATERIAL FACT,' ESP disputes most of the Army's factual narrative." We bolstered each of these conclusions by citing specific examples of genuine disputes of material fact. 15-1 BCA ¶ 35,989 at 175,828-29. Finally, the Board concluded, "Here, the parties' factual positions are the legal equivalent of ships passing in the night. Indeed they dispute almost every key material fact." *Id.* at 175,829. On this basis, we denied the government's motion for partial summary judgment.

Finally, the government states that the Board "did not address the anti-deficiency defense" (gov't br. at 5-6). But, as ESP correctly points out in its opposition brief: "[T]he Anti-Deficiency Act should not be employed to bar a contractor's implied-in-fact contract claim when the facts underlying the claim remain in dispute and the exact contours of the implied-in-fact contract have not been discerned" (app. br. at 9). Hence, at this stage, the government's defense is merely hypothetical in nature and need not be resolved.

## DECISION

The law governing motions for reconsideration is well settled. Where litigants have fought for a decision, they should not, without a sound basis, be permitted to retry the same issues. *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014). We analyze on reconsideration whether a motion is based on newly discovered evidence, mistakes in findings of facts, or errors of law. We do not provide a movant the opportunity to reargue its positions. *Bulova Technologies Ordnance Systems LLC*, ASBCA No. 57406, 14-1 BCA ¶ 35,802 at 175,101. The government has not met these burdens. It simply rehashes old arguments, apparently hoping for a different result. Accordingly, its motion must fail.

2

## CONCLUSION

We have reconsidered our decision and affirm it.

Dated: 22 March 2016

MICHAEL T. PAUL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58633, Appeal of Engineering Solutions & Products, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3